**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2440**

BRENDA MERARY MADRID,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 14, 2021                    Decided: August 10, 2021

Before GREGORY, Chief Judge, HARRIS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Petition granted and remanded by unpublished per curiam opinion.

Benjamin J. Osorio, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Brian M. Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Linda Y. Cheng, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Merary Madrid, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals ("Board") denying her motion for reopening and reconsideration. Before the Board, Madrid asserted that reopening was warranted because she was prima facie eligible for cancellation of removal. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Madrid contended that her notice to appear was deficient and thus did not terminate her period of continuous presence. *See id.* at 2113-14 (holding that notice to appear that does not designate time or place of removal proceeding does not trigger stop-time rule ending noncitizen's period of continuous presence for cancellation of removal).

The Board found that Madrid's motion was untimely and number barred. Relying on *In re Mendoza-Hernandez & Capula-Cortes*, 27 I. & N. Dec. 520 (B.I.A. 2019), the Board also found that Madrid was not prima facie eligible for cancellation of removal because she was unable to satisfy the required 10-year period of continuous presence. In *In re Mendoza-Hernandez*, the Board held that a notice to appear lacking time and place information for the removal hearing can be perfected by a subsequent notice of hearing containing that information, which triggers the stop-time rule and ends the noncitizen's period of continuous presence. *See id.* at 529. That rule resolved Madrid's case, the Board held: Although she initially received a notice to appear without time and place information, Madrid later was served with another notice that provided those details, ending her continuous presence well short of the required 10-year period.

While Madrid's petition for review was pending in this court, however, the Supreme Court ruled in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021) that a notice to appear sufficient to trigger the stop-time rule and end a noncitizen's pursuit of cancellation of removal must contain all the information about the noncitizen's removal hearing specified in 8 U.S.C. § 1229(a)(1). *Id.* at 1479-80, 1485. We directed the parties to submit supplemental briefs on the impact of *Niz-Chavez*. After considering the supplemental briefs, we grant the petition for review and remand for further proceedings.

A noncitizen who is found removable may apply for cancellation of removal under 8 U.S.C. § 1229b(b) by showing that she has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application. The noncitizen must also show that she has been a person of good moral character during that period, has not been convicted of certain offenses, and that her removal would result in an exceptional and extremely unusual hardship to a qualified family member who is a United States citizen or a noncitizen lawfully admitted for permanent residence. 8 U.S.C. § 1229b(b)(1).

In *Niz-Chavez,* the Supreme Court stated that the government may "invoke the stop-time rule only if it furnishes the alien with a single compliant document explaining what it intends to do and when." *Niz-Chavez*, 141 S. Ct. at 1485. The document must include the "time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). Thus, the Board's reliance on *In re Mendoza-Hernandez* to rule that Madrid's period of continuous presence terminated in 2008 when she received her notice of hearing was in error.

Because the Board found that Madrid was ineligible for cancellation of removal due to her failure to establish the required 10-year period of continuous presence, it did not consider whether to equitably toll the time period for filing her motion to reopen or whether to consider sua sponte reopening. Even in light of the Board's finding that Madrid's motion to reopen and reconsider was untimely and number barred, the Board could still grant the motion after considering whether equitable tolling should apply or whether sua sponte reopening is warranted. Accordingly, we grant the petition for review and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED AND REMANDED*

---

[*] We take no position on whether Madrid is now prima facie eligible for cancellation of removal or whether her motion to reopen and reconsider should be granted.

4